United States District Court
Southern District of Texas
**ENTERED**
July 31, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYCE GILLIAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-6327 |
| | § | |
| SETH NAGEL, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Pending before the Court is Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint (Document No. 11). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I.  BACKGROUND

This is a matter involving alleged Constitutional violations. On July 13, 2024, Plaintiff Jayce Gilliam ("Plaintiff") was on a walk while open carrying a rifle on a sling and concealed carrying a handgun. After receiving multiple 911 calls, Defendants Deputy Seth Nagel and Sergeant Ron Naumann (collectively "Individual Defendants") arrived on scene. Ultimately, Plaintiff was arrested for violating Tex. Penal Code 42.01(a)(8), disorderly conduct. Plaintiff spent a total of thirteen hours in jail.

Based on the foregoing, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, bringing several § 1983 claims against the Individual Defendants and several § 1983 claims against Defendant Fayette County (the "County") under a *Monell* liability theory. On March 30, 2026, the Individual Defendants and the County (collectively "Defendants") moved jointly to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.[1] On April 7, 2026, Plaintiff responded in opposition.[2]

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he

---

[1] *See Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint*, Document No. 11 at 1.

[2] *See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 13 at 1.

2

'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants move to dismiss Plaintiff's claims, contending that each fails to state a claim upon which relief can be granted. In response, Plaintiff contends that his claims against both the Individual Defendants and the County are sufficiently pled. The Court will consider, in turn, Defendants' motion as it relates to the Individual Defendants and the County.

### A. Individual Defendants

The Individual Defendants contend, in relevant part, that they "are entitled to qualified immunity for all of Plaintiff Gilliam's claims."[3] In response, Plaintiff

---

[3] *Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint*, Document No. 11 at 11.

contends that "Defendants are not entitled to qualified immunity because their actions violated clearly established law and were unreasonable, objectively, or even subjectively unreasonable."[4]

When government officials are sued for a Constitutional violation under Section 1983, they may assert the affirmative defense of qualified immunity. *Porter v. Ascension Parish Sch. Bd.*, 393 F.3d 608, 612 (5th Cir. 2004). "Qualified immunity protects government officials performing discretionary functions from [civil] liability 'unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001) (quoting *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995)). The defense of qualified immunity provides ample room for mistaken judgments on the government actors' part and protects "all but the plainly incompetent or those who knowingly violate the law." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity is "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

---

[4] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 13 at 5.

Once qualified immunity is asserted, therefore, the burden shifts to the plaintiff to demonstrate the defense does not apply. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). This burden requires the plaintiff to allege sufficient facts showing that: (1) the defendants violated a clearly established constitutional right; and (2) the defendants' actions were objectively unreasonable under the circumstances. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). This inquiry also requires a court to "ask whether the law so clearly and unambiguously prohibited his conduct that *every* reasonable official would understand that what he is doing violates the law." *Morgan v. Swanson*, 696 F.3d 359, 370 (5th Cir. 2011). "In other words, existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (*quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Here, the Individual Defendants have asserted qualified immunity.[5] Accordingly, it is now the plaintiff's burden to establish that the Individual Defendants' actions were objectively unreasonable and violated a clearly established constitutional right. *See Collins*, 382 F.3d at 537. Plaintiff contends that the

---

[5] *Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint*, Document No. 11 at 11.

Individual Defendants violated his Second, Fourth, and Fourteenth Amendments.[6] As such, Plaintiff contends that the following clearly established rights were violated: (1)"[t]he right to carry firearms openly in Texas was clearly established[;]" (2)"[t]he right to be free from arrest without probable cause was clearly established[;] and (3)"[t]he right to be free from excessive force was clearly established[.]"[7] Having reviewed the facts in this matter, the Court finds that it need not address whether or not a clearly established right was violated because Plaintiff has failed to allege sufficient facts to show that the Individual Defendants' actions were objectively unreasonable.

Outside of the conclusory allegations about "what reasonable officer[s] would have known", Plaintiff's only argument directly relating to reasonableness is that "[w]hen Defendants arrived on scene, the La Grange Police Chief was already on scene and did not have his gun drawn. Was the chief unreasonable, or were the much younger Defendants? If an experienced law man like the police chief felt it was unreasonable . . . how is it reasonable for Defendants?"[8] The Court rejects this argument and finds that one officer's subjective belief that drawing his weapon was

---

[6] *See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 13 at 18.

[7] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 13 at 18.

[8] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 13 at 15–16, 19.

6

unnecessary does not establish that the other two officers' decisions to draw their weapons were objectively unreasonable.[9] Furthermore, the Court notes the facts in this matter, including that several 911 calls had been made about a man with a rifle and that Plaintiff was, at the time the Individual Defendants arrived on scene, suspected of violating Texas Penal Code § 42.01(a)(8).[10]

Based on the foregoing, the Court finds that Plaintiff has failed to plausibly allege that the Individual Defendants' actions, throughout any portion of the interaction with Plaintiff, were objectively unreasonable in light of the relevant facts and applicable law.[11] Considering this finding, and the Fifth Circuit's clear guidance requiring a Plaintiff to show objectively unreasonable actions to overcome qualified immunity, the Court finds that the Individual Defendants are entitled to qualified immunity and that the motion to dismiss, with respect to the Individual Defendants,

---

[9] The Court notes that it has inquired as to "whether the law so clearly and unambiguously prohibited his conduct that *every* reasonable official would understand that what he is doing violates the law." *Morgan v. Swanson*, 696 F.3d 359, 370 (5th Cir. 2011). Based on the clear guidance of the Fifth Circuit in *Morgan*, the Court finds that one officer's actions are insufficient to establish objective unreasonableness.

[10] *See Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint*, Document No. 11, Exhibit 3 (*1st 911 Call*), Exhibit 4 (*2nd 911 Call*); *see also* Tex. Penal Code § 42.01(a)(8) (Making it an offence to intentionally or knowingly "display[] a firearm or other deadly weapon in a public place in a manner calculated to alarm.").

[11] The Court further notes that, to the extent Plaintiff brings claims connected to his arrest, neither of the Individual Defendants in this matter were the arresting officers.

should be granted. The Court will now consider the pending motion to dismiss as it relates to the County.

### B. *The County Defendant*

The County moves to dismiss Plaintiff's *Monell* liability claim, contending that it has not been plausibly pled.[12] In response, Plaintiff contends that he has sufficiently pled a *Monell* liability claim for failure to train and failure to supervise.[13] Generally, to successfully bring a *Monell* liability claim for failure to train or supervise "[a] plaintiff must show that (1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a 'moving force' in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy. *Valle v. City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010); *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir.2009) (applying the same test to claims for the failure to supervise). "To establish deliberate indifference, 'a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a

---

[12] *Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint*, Document No. 11 at 17.

[13] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 13 at 19–21.

constitutional violation.'" *Goodman*, 571 F.3d at 395 (citing *Cousins v. Small*, 325 F.3d 627, 637 (5th Cir. 2003).

Here, the County contends, in relevant part, that Plaintiff has failed to plead a pattern of violations, and thus, failed to adequately plead a *Monell* claim for failure to supervise or failure to train.[14] In response, Plaintiff contends that "[w]hile Defendants argue that Plaintiff must allege a pattern of similar violations, this requirement is not absolute at the pleading stage when other facts support deliberate indifference."[15] The Court notes that Plaintiff cites no authority to support this contention. In contrast, the Court notes that the Fifth Circuit does require a showing of prior incidents. *See Munajj v. City of* Fredericksburg, No. 25-50353, 2026 WL 897005 at *4 (5th Cir. Apr. 1, 2026) (affirming the district court's dismissal of plaintiff's case when plaintiff failed to "'cite sufficiently numerous prior incidents[.]'" (citing *Verastique v. City of Dallas*, 106 F.4th 427, 452 (5th Cir. 2024))). Based on the foregoing, and the clear guidance of the Fifth Circuit that a plaintiff must identify sufficient prior incidents, the Court finds that Plaintiff has failed to identify any prior incidents sufficiently similar to the current matter, and thus, finds that the County's motion should be granted as to Plaintiff's *Monell* claim.

---

[14] *See Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint*, Document No. 11 at 20.

[15] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 13 at 21.

9

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Original

Complaint (Document No. 11) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against all Defendants are hereby

**DISMISSED**.

SIGNED at Houston, Texas, on this **30** day of July, 2026.

DAVID HITTNER
United States District Judge

10